IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| V.  : | **CRIMINAL NUMBER 20-221** |
| : | |
| **RAPHAEL VEGA RODRIGUEZ** : | |

### DEFENDANT'S SENTENCING MEMORANDUM

This memorandum is respectfully submitted on behalf of Raphael Vega Rodriguez to assist the Court in fashioning a fair and just sentence. Raphael Vega Rodriguez was arrested on March 3, 2020, and has been in continuous custody since that date. On August 4, 2020, a grand jury sitting in the Eastern District of Pennsylvania returned an eight-count Indictment. Subsequently On April 6, 2022, a grand jury sitting in the Eastern District of Pennsylvania returned an eight-count Superseding Indictment, charging Raphael Vega Rodriguez with attempt to commit murder of federal officers, in violation of 18 U.S.C. 1114(a) (3) and 1113 (Counts 1-3); assault on federal officers, in violation of 19 U.S.C. 111(a)(1) and (b) (Counts 1-4); using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1)(A)(iii)(Count 7); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. 922(g)(1) and 924(a)(8)(Count 8). On February 2, 2024, Mr. Vega Rodriguez was found guilty by a jury on Counts 1-8 of the Superseding Indictment. Currently, Mr. Vega Rodriguez also faces a potential violator sentence from the Pennsylvania State Board of Probation and Parole.

A presentence investigation report has been prepared by United States Probation Officer Brett A. White. The PSI sets the advisory sentencing guidelines at 360 months to life based on an offense level of 52 and a criminal history category of IV. Additionally, these is a mandatory

consecutive 120 months on Count 7.

Raphael Vega Rodriguez, by and through his attorneys, Kathleen Gaughan and Elizabeth L. Toplin, respectfully submits this memorandum and in consideration of the policy arguments cited herein, suggests that a sentence within the advisory guidelines would be greater than necessary in this case considering the statutory factors outlined in 18 U.S.C. § 3553(a) as well as *United States v. Booker*, 543 U.S. 220 (2005) and its progeny.

There is no dispute that this case is serious. The Court is faced with the unique and difficult task of achieving a balance between retribution and rehabilitation in the face of understandably negative public sentiment. When imposing a sentence, the Court must consider the recommended guideline range, and the statutory factors outlined in 18 U.S.C. § 3553(a), which include among other factors the seriousness of the offense, the need to impose a just punishment, provide both specific and general deterrence, and meet the medical and psychological needs of the defendant. The Court is required to "impose a sentence which is sufficient, but not greater than necessary, to comply with the purposes" of these factors.  18 U.S.C. § 3553(a).  The defense submits a sentence slightly below the advisory guideline range is most appropriate disposition in this case

I. <u>**APPLICATION OF THE STATUTORY FACTORS TO THIS CASE**</u>

In the present case, the Court must consider all the factors identified in 18 U.S.C. § 3553(a) to craft a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing.  18 U.S.C. § 3553(a)(1).  Counsel submits that the factors weigh as follows in Mr. Vega Rodriguez's case:

A.  **The Nature and Circumstances of the Offense and Mr. Vega Rodriguez's History and Characteristics**

Mr. Vega Rodriguez's history and characteristics weigh in favor of a sentence below the recommended guidelines. The Presentence Report (PSR) prepared by United States Probation Officer Brett A. White accurately details his upbringing. As noted by Officer White, the defendant's upbringing does offer mitigation. His mother gave birth to him at a very young age and separated from his father when Raphael was just 10 years old; as such and was primarily reared by his maternal grandmother, with whom he remains very close. In addition to Reading, Pa, where he has spent most of his life, the defendant also lived with his grandmother and/or aunt for brief periods in Puerto Rico and Florida. His aunt described a "chaotic" childhood environment as the men in the family suffered mental health issues or were alcoholics, resulting in fights and regular chaos in the home. Further, the familial disfunction ensured that the defendant had no healthy male role models as he grew up. The family struggled with poverty and food insecurity and to escape the chaos and instability inside his home, he gravitated toward the streets of Reading and unhealthy role models, drugs and violence.

B.  **The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

  1.  *To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.*

A sentence below the guideline range will reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

  2.  *To afford adequate deterrence to criminal conduct.*

Similarly, Mr. Vega Rodriguez's prosecution and conviction for this case in the serious venue of federal court, along with the risk of a serving the significant prison term that could be imposed, provides a more-than-adequate general deterrent to other, similarly situated individuals.

3

Moreover, it is well-established that the *certainty* of punishment, not the *severity* of it, has the most significant general deterrent effect.  *See*, *e.g.*, CESARE BECCARIA, ON CRIMES AND PUNISHMENTS AND OTHER WRITINGS 63 (Raphael Bellamy, ed.; Raphael Davis, trans., Cambridge University Press 1995) (1764); Frank H. Easterbrook, *Criminal Procedure as a Market System*, 12 LEGAL STUD. 289, 295 & n.7 (1983); Alfred Blumstein, *Prison*, *in* CRIME 387, 408-409 (Wilson & Petersilia, eds., 1995); Daniel S. Nagin & Greg Pogarsky, *Integrating Celerity, Impulsivity, and Extralegal Sanction Threats into a Model of General Deterrence: Theory and Evidence*, 39 CRIMINOLOGY 865 (2001); Michael Tonry, *The Functions of Sentencing and Sentencing Reform*, 58 STAN. L. REV. 37, 52-54 (2005); Raymond Paternoster, *How Much do we Really Know about Criminal Deterrence?*, 100 J. CRIM. L. & CRIMINOLOGY 765, 818 (2010) ("The safest conclusion from the literature thus far would be that the perception of certain legal and extralegal sanctions does seem to act as a modest deterrence factor, but that the perceived severity and celerity of punishment do not appear to be effective deterrents to crime, and we know virtually nothing about celerity.").  Therefore, a below advisory Guidelines range sentence will send an appropriate message to others and deter people from committing similar crimes.

   3. *To protect the public from further crimes of the defendant.*

Mr. Vega Rodriguez's personal experience in this case, taken together with a reasonable sentence below the sentencing guidelines, will provide sufficient individual deterrence against Mr. Vega Rodriguez repeating this, or any other offense. Mr. Vega Rodriguez is currently 41 years old. Even given a variance from the sentencing guidelines, Mr. Vega Rodriguez will spend the better part of his life incarcerated.  Mr. Vega Rodriguez offenses, like all violent crimes, are very serious.  Mr. Vega Rodriguez understands that a lengthy period of incarceration that will necessitate his incarceration for nearly three decades or more.  He in his late 60 's to early 70's at his release—an age corresponding with the lowest

4

likelihood of recidivism and violence according to the United States Sentencing Commission. *See* USSC, *Recidivism Among Federal Offenders: A Comprehensive Overview*, 23 (2016). Moreover, Mr. Vega Rodriguez will be closely monitored by the United States Probation Office under federal supervised release for a significant period following his release from prison. The sentence even below the guideline range therefore, sufficiently reflects the seriousness of Mr. Vega Rodriguez's crime, promotes respect for the law, and provides just punishment.

Should he be released in the future, his advanced age will ensure that the public is protected. For all these reasons, the Court can be assured that the recommended sentence will adequately protect the public against further crimes by Mr. Vega Rodriguez.

> 4. *To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Vega Rodriguez has never been formally diagnosed with any chronic illness or mental health conditions nor has he been prescribed mental health medication. His family acknowledges that he would likely benefit from mental health treatment. Mr. Vega Rodriguez is certainly open to treatment for mental health issues within BOP. Similarly, Mr. Vega Rodriguez has not been diagnosed with drug or alcohol use disorder; however, he is open to treatment in this regard as well as psychological counseling that could be beneficial. Mr. Vega Rodriguez.

Mr. Vega Rodriguez would benefit from any educational or vocational training, as well as psychological treatment and drug and alcohol treatment that are offered both during his incarceration, and once released. Even a sentence below the advisory guidelines would be significant and would offer Mr. Vega Rodriguez significant time to participate in a variety of rehabilitative and corrective programming within the BOP.

C. **Kinds of Sentences Available**

The range of sentences statutorily available to the Court are listed in Part D of the PSR.

II. **CONCLUSION**

Based on the above stated reasons, the defense respectfully requests this Court impose a sentence below the advisory guideline range. Such a sentence would still protect the public, deter Mr. Vega Rodriguez and others, and sufficiently and justly punish him for his offense. As such, the sentence contemplated by the defense is reasonable and appropriate; it is sufficient, but not greater than necessary to satisfy the purposes of sentencing as set forth in statute.

Respectfully submitted,

_____
ELIZABETH L. TOPLIN
Assistant Federal Defender

_____
KATHLEEN M. GAUGHAN
Assistant Federal Defender

## CERTIFICATE OF SERVICE

We, Elizabeth L. Toplin and Kathleen M. Gaughan, Assistant Federal Defenders, Trial Unit, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that we have caused a copy of the Defendant's Sentencing Memorandum to be filed and served via Electronic Case Filing and/or electronic mail electronic mail upon:

Brittany A. Jones
Assistant United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

Brett A. White
United States Probation Officer
United States Probation Office
William J. Green Building
600 Arch Street
Philadelphia, Pennsylvania 19106.

ELIZABETH L. TOPLIN
Assistant Federal Defender

KATHLEEN M. GAUGHAN
Assistant Federal Defender

DATE: July 18, 2024